THE FIRST NATIONAL BANK, PHILIPSBURG, PENNSYLVANIA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101772. Promulgated January 30, 1941.

*Lawrence Cake, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined deficiencies of $1,719.77 in income tax and $888.52 in excess profits tax for 1936, and $226.82 in income tax for 1937. The petitioner seeks a reduction of the profit from the sale of securities through an increase in the basis. The principal facts are stipulated and are found as agreed.

The petitioner in 1933 loaned $5,766.17 to Shirey on his note with interest and took 150 shares of General Refractories Co. as collateral. The note was defaulted and in 1935 petitioner took the collateral, which was then worth $2,250. Petitioner charged this amount to its securities account and charged the remaining $3,216.17 to profit and loss. On its return for 1935 petitioner showed a net loss of $55,356.99, in which was included the charge-off, $3,216.17 representing the Shirey loan. In 1936 the General Refractories Co. shares were sold for $6,713.86. Similarly the petitioner in 1934 loaned $18,000 to Miller and took various shares as collateral. The collateral was forfeited in 1935, when it was worth $7,926.75. Petitioner charged off $10,073.25 in that year and this amount was reflected in the aforesaid net loss on its tax return. The shares were sold in 1936 and 1937 for $23,825.05 and $4,764.90.

The taxpayer contends that in determining the gain or loss from the sale of the collateral shares, the basis is the original amount loaned, that being the true cost, and not the value of the shares when it acquired ownership of them. It puts aside the fact that its net loss in 1935 reflected the charge-off of the unpaid portion of the loans as of no significance because its net loss was sufficiently greater to absorb any tax benefit from the deduction.

The contention must be rejected. When the loans became worthless to any extent above the value of the collateral, the petitioner properly charged off the worthless amount and deducted it on its return. It simultaneously took the collateral at fair market value into its asset accounts, thereby applying it *pro tanto* to a satisfaction of the loans.

Thus the value of the shares immediately became their basis, as if they had been purchased for that amount. The subsequent sale or disposition resulted in gain or loss computed upon that basis. The fact that the 1935 charge-off served only to enlarge the petitioner's net loss and gave it no immediate reduction of taxes because it had no taxable income, has no significance as a factor of the computation in the later year. *Herbert N. Fell*, 18 B. T. A. 81. See also Paul and Mertens, Law of Federal Income Taxation, vol. 3, §§ 28.77, 28.78.

*Decision will be entered for the respondent.*