FIRST NATIONAL BANK IN ST. LOUIS, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107793. Promulgated December 29, 1942.

*Crawford Johnson, Esq.,* for the petitioner.
*Gene W. Reardon, Esq.,* for the respondent.

OPINION.

TURNER, *Judge:* Beginning with the year ending June 30, 1939, and for each such year thereafter, section 1200 of the Internal Revenue Code imposed a capital stock tax at the rate of $1 for each $1,000 of adjusted declared value of corporate capital stock. Section 1203 provides that capital stock tax returns shall be filed within one month after the close of the year in respect of which such tax is imposed, unless the time for filing is extended by the Commissioner, while section 1205 provides that the tax shall be due and payable before the expiration of the period for filing the return, unless the time for payment is similarly extended. Section 205 of the Revenue Act of 1940, approved June 25, 1940, amended section 1200 of the Code by providing that for the year ending June 30, 1940, and for the four succeeding years the rate should be $1.10 in lieu of $1.

The petitioner contends that, being on the accrual basis, the full amount of its capital stock tax liability for the capital stock tax year ended June 30, 1940, accrued on July 1, 1939, and that for income tax and excess profits tax purposes it is entitled to a deduction in 1939

for capital stock tax computed at the rate of $1.10 per $1,000 of the adjusted declared value of its capital stock, or $18,979.40, instead of $17,253.99, the amount allowed by the respondent, this latter amount being the amount of such tax computed under the statute as it stood prior to the enactment of the Revenue Act of 1940.

In *United States* v. *Anderson*, 269 U. S. 422, the Supreme Court held that a tax accrues in the year when all the events have occurred which fix the amount of the tax and determine the liability of the taxpayer to pay it. The event which fixed the amount of the petitioner's capital stock tax at an amount in excess of that allowed by the respondent and made the petitioner liable to pay such excess was the enactment in June 1940 of section 205 of the Revenue Act of 1940. Obviously prior to that time the petitioner had no liability to pay such excess. Since no event occurred in 1939 which fixed the amount of the petitioner's liability for capital stock tax at an amount in excess of that allowed by the respondent, no greater amount accrued in 1939, and the petitioner is not entitled to take any greater amount as a deduction in 1939. *Union Bleachery* v. *Commissioner*, 97 Fed. (2d) 226; *Schuster & Co.* v. *Williams*, 283 Fed. 115; *James Bliss Coombs*, 17 B. T. A. 279; affd. per curiam (C. C. A., 2d Cir.), Feb. 5, 1931; *Strong* v. *Willcuts*, U. S. Dist. Ct., Dist. of Minn., Nov. 26, 1935. The question decided in *Budd International Corporation*, 45 B. T. A. 737, relied on by the petitioner, is an entirely different question and that case is not in point.

It is the claim of the petitioner that the respondent erred in including in taxable income for 1939 bad debt recoveries in that year in the amount of $224,942.07, the argument being that the deductions in the years 1933, 1934, and 1935 as bad debts of the amounts recovered in 1939 did not for the years in which deducted effect an offset of taxable income and may not therefore be regarded as taxable income in the year of recovery. Among the cases cited by the petitioner are: *Central Loan & Investment Co.*, 39 B. T. A. 981; *National Bank of Commerce of Seattle*, 40 B. T. A. 72; *Amsco-Wire Products Corporation*, 44 B. T. A. 717; *Estate of James N. Collins*, 46 B. T. A. 765; and *John V. Dobson*, 46 B. T. A. 770. The respondent argues that the said amounts having been charged off as bad debts in the earlier year, claimed as deductions by the petitioner on its returns for those years and allowed by the respondent, are taxable in the year when recovered, regardless of the presence or absence of tax benefit in the earlier year.

Since submission of this case, Congress, in section 116 of the Revenue Act of 1942, has provided for the exclusion from gross income of amounts recovered on debts previously charged off and taken as deductions on returns for prior years where the deductions previously taken did not result in a reduction of the taxpayer's tax

under chapter 1 of the Internal Revenue Code, not including the tax imposed by section 102. The income tax falls under chapter 1 of the Code, but the excess profits tax does not. Section 116 is effective with respect to all taxable years beginning after December 31, 1938. The tax year here is 1939, making that section applicable.

For each of the years 1933, 1934, and 1935, the petitioner's returns would have shown a net loss for income tax purposes had the debts charged off in those years as bad but recovered in subsequent years up to and including the year 1939 not been deducted. It is thus apparent that the deductions in the earlier years of the debts recovered in 1939 did not result in a reduction of the taxpayer's income tax in such earlier years, and under section 116, *supra*, the 1939 recoveries are to be excluded from gross income.

*Decision will be entered under Rule 50.*