BANK OF NEWBERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108853. Promulgated December 29, 1942.

*Eugene C. Fish, Esq.,* for the petitioner.
*H. L. Brown, Esq.,* for the respondent.

OPINION.

TYSON, *Judge:* This proceeding involves an income tax deficiency of $1,101.74 for the calendar year 1939.

The petitioner assigns error in the respondent's determination which increased its income as reported by a total of $6,987, resulting from (1) the inclusion in income of two items, namely, $200 and $27, as the respective recoveries in the taxable year on bad debts charged off and deducted in prior years in which petitioner sustained net losses; (2) the disallowance of a claimed bad debt deduction of $480, which amount was charged off and deducted in a prior year in which petitioner sustained a net loss; and (3) the disallowance of certain portions of claimed losses on the sales of bonds in the taxable year, which portions had been written off as partially worthless debts and allowed as bad debt deductions in prior years in which petitioner had sustained net losses.

This proceeding was submitted upon a stipulation of facts which, to the extent not set forth herein, is included by reference.

The petitioner is a banking corporation organized under the laws of Pennsylvania, having its principal office at Williamsport, Pennsylvania. Its income tax return for 1939 was filed with the collector for the twelfth district of Pennsylvania at Scranton, Pennsylvania.

The following tabulation shows the petitioner's net loss and the total bad debts deducted in the computation thereof for the indicated years prior to the taxable year 1939 involved herein:

| Year | Net loss | Total bad debt deductions |
|---|---|---|
| 1932 | $11, 450. 09 | $21, 949. 41 |
| 1933 | 13, 461. 25 | 21, 164. 90 |
| 1936 | 1, 759. 54 | 12, 881. 95 |
| 1938 | 1, 767. 94 | 13, 998. 40 |

FIRST ISSUE.

During 1939 the petitioner recovered $200 on its International Match Co. bonds and recovered $27 on its notes receivable of Alton Williams and Richard Cipriani, which amounts were embraced in the bad debt deductions for 1932 and 1938, respectively, but which did not result in a reduction of petitioner's tax for such prior years because of its net losses in those years.

Petitioner did not include such recoveries of $200 and $27, respectively, in income as reported on its return for 1939. The respondent has included such amounts in petitioner's income for that year.

The respondent's determination in this respect was erroneous, both under prior decisions, *Citizens State Bank*, 46 B. T. A. 964, and authorities cited therein, *Motor Products Corporation*, 47 B. T. A. 983, and now under section 22 (b) of the Internal Revenue Code, as amended by section 116 of the Revenue Act of 1942, effective retroactively including the taxable year 1939.

During 1936 the petitioner held a note of W. E. Hollick, in the face amount of $621, and ascertained the same to be worthless to the extent of $480 and charged the latter amount off its books. Such amount of $480 was included in the bad debts deducted in the computation of the petitioner's net loss for 1936.

In 1939 Hollick's note became wholly worthless and petitioner charged off the remaining $141 book balance thereof. On its return for 1939 petitioner claimed as a bad debt deduction the entire face amount of $621 of the Hollick note.

The respondent has disallowed the $480 which was claimed as a deduction in the prior year 1936. He contends that such amount constituted a proper deduction, which was allowed, in that it entered into the computation of petitioner's tax liability for the prior year 1936 and therefore is not again allowable in the year 1939.

The petitioner contends that, due to the net loss sustained by it in 1936, the claimed deduction of the partially worthless Hollick debt did not result in any tax benefit in 1936 and that the tax benefit theory applicable to the first issue herein is also applicable to this second issue.

In our opinion petitioner's contention can not be sustained. The Hollick note had become partially worthless, to the extent of $480, in 1936 and such amount was voluntarily claimed by petitioner as a deduction for that year under the provisions of section 23 (k) of the Revenue Act of 1936, and, having been so claimed and included in the computation of petitioner's tax liability for the year 1936, the same portion of the debt could not again become worthless in 1939 and be claimed as a deduction for the year 1939. *Ludlow Valve Manufacturing Co.* v. *Durey,* 62 Fed. (2d) 508, and authorities cited therein. "A construction of a taxing statute permitting a duplication of deductions is not favored by the courts." *Keystone Automobile Club Casualty Co.,* 40 B. T. A. 291, 308.

It is immaterial that petitioner's various allowable deductions for 1936, including the partially worthless Hollick debt, resulted in a net loss for that year. The tax benefit theory applied to recoveries on previously charged-off bad debts for the purpose of ascertaining the receipt of taxable income, has no application in determining allowable deductions which must be specifically provided for by statute. Cf. *First National Bank, Philipsburg, Pennsylvania,* 43 B. T. A. 456.

The respondent's determination is sustained as to the second issue.

THIRD ISSUE

In 1928 petitioner purchased bonds of the Chicago, Milwaukee & St. Paul Railroad (hereinafter referred to as railroad bonds) at a cost of $3,887.50. In 1932 petitioner ascertained such bonds to be

partially worthless to the extent of $3,587.50, which amount was charged off its books and also was included in the bad debts deducted in the computation of the petitioner's net loss for 1932.

In 1939 petitioner sold the railroad bonds for $103.98, and the difference of $3,783.52 between such sale price and the original cost was claimed on petitioner's 1939 return as a deduction for a loss. Respondent disallowed $3,587.50, which was the amount claimed as a bad debt deduction in the prior year 1932, by reducing the original cost basis by such amount and determining the adjusted cost basis to be $300.

In 1928 petitioner purchased bonds of the Drake Hotel, Philadelphia, Pennsylvania (hereinafter referred to as hotel bonds), at a cost of $4,030. In 1933 petitioner ascertained such bonds to be partially worthless to the extent of $2,692.50, which amount was charged off its books, pursuant to orders of the state bank examiner, and also was included in the bad debts deducted in the computation of petitioner's net loss for 1933.

In 1934 petitioner ascertained the hotel bonds to be partially worthless in the additional amount of $613.13, which was charged off and deducted as a bad debt on petitioner's return for 1934, which reported $6,998.20 net income subject to normal tax, as adjusted. In 1939 petitioner sold the hotel bonds for $122.52, and the difference of $3,294.35 between such sale price and the original cost basis reduced by the 1934 charge-off was claimed on petitioner's 1939 return as a loss deduction. Respondent disallowed $2,692.50, which was the amount claimed as a bad debt deduction in the prior year 1933, by reducing the original cost basis by such amount and determining the adjusted cost basis to be $724.37.

The respondent contends that he properly disallowed the claimed loss deductions to the extent of $3,587.50 on the railroad bonds and $2,692.50 on the hotel bonds on the ground that each such amount constituted a proper deduction claimed and allowed in a prior tax year, thereby reducing the basis of those bonds, respectively, in petitioner's hands for the purpose of determining the amount of the allowable deductions on account of the sale of such bonds in the taxable year 1939.

The petitioner contends that its original cost basis for those bonds should not be reduced by the prior year's partial worthless debt deductions because such deductions did not offset income, due to the amount of the net losses sustained in those prior years. Petitioner again argues for the application of the tax benefit theory to this third issue.

The reasoning herein set forth on the second issue with respect to a properly claimed deduction in a prior year not being again deductible in a subsequent year and the holding that the tax benefit

theory is not to be applied in determining statutory deductions from gross income, are apposite to the third issue. We think that the respondent in determining the deductible loss sustained by petitioner upon the sale of its railroad bonds and its hotel bonds correctly adjusted the cost basis of those bonds by deducting from their original cost the amounts previously written off and allowed as bad debt deductions for prior years. As was said in *First National Bank, Philipsburg, Pennsylvania, supra,* "The fact that the \* \* \* charge-off (in a prior year) served only to enlarge the petitioner's net loss and gave it no immediate reduction of taxes because it had no taxable income, has no significance as a factor of the computation in the later year"—here, 1939.

The respondent's determination as to the third issue is sustained.

*Decision will be entered under Rule 50.*