Industrial National Bank - Detroit, (formerly Industrial Morris Plan Bank of Detroit) v. Commissioner.
Industrial Natl. Bank v. Commissioner
Docket No. 109339.
United States Tax Court
1943 Tax Ct. Memo LEXIS 148; 2 T.C.M. (CCH) 654; T.C.M. (RIA) 43390; August 18, 1943
*148 Alfred W. Massnick, Esq., Fred J. Kennedy, Esq., and Addison D. Connor, Esq., 1881 Nat'l Bank Bldg., Detroit, Mich., for the petitioner. Philip M. Clark, Esq., and Paul A. Sebastian, Esq., for the respondent. MELLOTT
Memorandum Opinion MELLOTT, Judge: This proceeding involves the following deficiencies in income tax: Year
Amount
1938
$ 7,454.96
1939
5,672.16
1940
13,000.51
In the deficiency notice it is stated, During the years 1938, 1939 and 1940 your company recovered $43,563.11, $34,376.74 and $31,668.80 of bad debts which had been charged off during the years 1931 to 1935, inclusive, and claimed as deductions in the corporate Federal income tax returns for those years. It is held that these amounts represent taxable income in the respective years 1938, 1939 and 1940. Other adjustments made in the net income as reported for some of the years are not questioned, the sole error charged in the petition being the inclusion in gross income of the amounts shown above. [The Facts] Petition in the instant proceeding was filed, it was submitted upon a stipulation of facts, and briefs were filed, all prior to the enactment of the Revenue Act of 1942. Decision was *149 deferred at the suggestion of the parties until the 1942 Act became effective. Thereafter a supplemental stipulation of facts was filed by the parties and the returns for the years 1931 to 1940, inclusive, were introduced in evidence. No dispute exists between the parties as to the facts and they are all found accordingly. The following schedule shows all of the pertinent facts: 1931
1932
1933
1934
1935
* Gross Income
$1,237,596.73
$781,414.20
$429,534.24
$473,352.67
$705,437.15
* Amount claimed and al-
lowed as bad debts
312,623.52
328,818.23
384,055.85
118,915.60
84,688.44
Other deductions allowed
by law (salaries, losses,
interest, etc.)
1,082,796.15
773,456.48
612,315.08
632,028.00
702,073.15
Net income (or loss) as
shown by return
(157,822.94)
(292,659.61)
(534,108.27)
(105,695.03)
103,676.75
* Net income (or loss) as per
stipulation
(157,822.94)
(320,860.51)
(566,836.69)
(277,590.93)
(81,324.44)
Recoveries in subsequent
years prior to 1938
120,290.85
136,409.33
237,455.40
64,958.30
42,243.85
Recoveries in taxable years
1938
7,648.24
11,163.14
15,043.64
5,072.38
4,635.71
1939
9,523.14
7,137.38
10,407.61
4,116.41
3,192.20
1940
8,210.46
7,885.17
9,026.65
3,292.47
3,254.05
*150 [Opinion] Section 116 of the Revenue Act of 1942 is applicable. It amends section 22(b), I.R.C., by the addition of paragraph 12, which provides that income attributable to the recovery during any taxable year of bad debts, prior taxes and delinquency amounts shall be excluded from gross income to the extent of the "recovery exclusion" determined in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. In substance the recovery exclusion, as defined by the regulation, is an amount equal to the portion of such items which, when deducted or credited for a prior taxable year did not result in a reduction of any tax of the taxpayer under Chapter I, I.R.C., (other than a tax under section 102) or under corresponding provisions of prior revenue laws. See section 19.22(b)(12)-1, Regulations 103. Subdivision B of *151 the Regulation provides that for the year of any recovery the section 22(b)(12) items which were deducted or credited for one prior year are considered as a group and the recovery thereon is considered separately from recoveries of any items which were deducted or credited for other years. The recovery is excluded from gross income to the extent of the "recovery exclusion" with respect to this group of items as (I) determined for the original year for which such items were deducted (II) reduced by the recoveries in intervening years on account of all section 22(b)(12) items for such original year. The recovery exclusion for the taxable year is defined under subdivision (b)(2) of Article 19.22(b)(12)-1, of the regulation as * * * the portion of the aggregate amount of such deductions and credits which could be disallowed without causing an increase in any tax of the taxpayer imposed under Chapter I of the Code (such as the normal tax, surtax, and victory tax), other than the tax imposed on corporations by section 102 for the improper accumulation of surplus, or in any tax imposed under corresponding provisions of prior revenue laws. * * * The regulation seems to be in accord with *152 the intent of Congress as expressed in the Committee Reports. [1] Cf. First National Bank in St. Louis, 1 T.C. 370; Bank of Newberry, 1 T.C. 374. It is obvious from the figures shown in the schedule above that the total amount deducted by this petitioner *153 in its return for each of the years 1931 to 1935, inclusive, could have been disallowed without causing an increase in any tax imposed upon it under Chapter I of the Code if "regarded as having been the last ones taken and thus as having offset only such gross income or tax as was not offset by the other deductions and credits" allowed to it by other provisions of the Revenue Act. It is therefore held that the respondent erred in including the amounts in issue in petitioner's gross income. First National Bank in St. Louis, supra.
Decision will be entered under Rule 50. Footnotes
*. Petitioner followed the practice of deducting debts ascertained to be worthless and charged off but had included in gross income the amount collected on such debts during the taxable year and subsequent to the charge-off. We have eliminated the amounts from gross income and reduced the amount claimed and allowed as bad debts.↩
1. In the Report of the Finance Committee of the United States Senate (Report No. 1631, 77th Congress, 2nd Session) it is said: "In determining whether and to what extent the deductions * * * on account of bad debts * * * allowed in a given year did not result in a tax benefit, such deductions * * * are to be regarded as having been the last ones taken and thus as having offset only such gross income or tax as was not offset by the other deductions and credits. * * * "Once it is determined what portion of a given deduction * * * resulted in a prior benefit and what portion did not, the taxpayer may exclude from gross income amounts recovered in a given year or years, on account of the debt * * * for which the deduction * * * was allowed until the amount of such recoveries exceeds an amount equal to the portion of the deduction which did not result in tax benefit."↩