## UNITED STATES v. DETROIT MOULDING CORPORATION et al.

### No. 3479.

District Court, E. D. Michigan, S. D.

Sept. 8, 1944.

John C. Lehr, U. S. Atty., and Arnold W. Lungerhausen, Asst. U. S. Atty., both of Detroit, Mich. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Gerard Hartzog, Sp. Assts. to Atty. Gen., on the brief), for plaintiff.

Cook, Smith, Jacobs & Beake, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact

1. This is an action by the United States Government to recover from two corporations, of this District, an allegedly erroneous tax refund made to defendant Detroit Moulding Corporation by the Commissioner of Internal Revenue on a claim for refund of an additional assessment levied and paid on its 1937 corporate income tax return.

2. Detroit Moulding Corporation was organized under the laws of the state of Michigan on January 9, 1933, and did business from then until December 30, 1938. Its entire capital stock was owned by defendant L. A. Young Spring & Wire Corporation. On December 30, 1938, Detroit Moulding Corporation was liquidated, its capital stock cancelled, and its assets and liabilities transferred to the parent corporation, L. A. Young Spring & Wire Corporation. The Young Corporation concedes its responsibility for any judgment which the Government might recover herein. For brevity, Detroit Moulding Corporation will be hereafter referred to as the taxpayer.

3. The taxpayer at all times herein mentioned regularly kept its books and reported taxable income upon the accrual basis. Its annual accounting periods corresponded with calendar years. On July 1, 1937, it accrued and deducted on its books its liability for Federal capital stock tax for the capital stock tax year ending June 30, 1938, in the amount of $7,885. This was computed in accordance with the then-effective 1936 Revenue Act, 26 U.S.C.A. Int.Rev. Acts, page 819 et seq., by making adjustments to the adjusted declared value of capital stock established for the year which had ended on June 30, 1937. Under the terms of the 1936 Revenue Act, in effect during the whole of the calendar year 1937, there could be no amendment of the previously declared value of capital stock, so that this factor was not variable as to tax accruing under the 1936 Act for the capital stock tax year ending June 30, 1938.

4. The taxpayer filed its corporate income and excess profits tax return for the

calendar year 1937 on March 15, 1938, with the Collector of Internal Revenue at Detroit, Michigan. Therein it claimed a deduction for accrued capital stock tax for the year ending June 30, 1938, in the amount of $7,885.

5. On May 27, 1938, a new capital stock tax law was enacted, whereby application of the 1936 Revenue Act to the current capital stock tax year ending June 30, 1938, was revoked, and a new system was inaugurated, requiring declarations of capital stock values at three year intervals, commencing with that current year, which permitted declaration of a new capital stock value for the capital stock tax year ending June 30, 1938.

6. In July, 1938, the taxpayer filed its return and paid its tax for the capital stock tax year which ended June 30, 1938, under the 1938 Revenue Act, 26 U.S.C.A. Int.Rev. Acts, page 995 et seq. In doing so, it took advantage of the opportunity afforded by the 1938 Act to establish a new capital stock value, and declared a lower value than that by which it had been bound under the revoked 1936 Revenue Act. The newly declared value resulted in a capital stock tax of $1,500 under the 1938 Act instead of $7,885 which had accrued under the 1936 Act.

7. In auditing taxpayer's 1937 income tax return, the Commissioner disallowed to the extent of $6,385 the deduction for capital stock tax accrued on July 1, 1937, under the 1936 Act, being the amount such accrual was in excess of capital stock tax actually paid in July, 1938, under the 1938 Act. As a result of this disallowance, an additional assessment was levied and paid on the 1937 income tax return. By appropriate entry, taxpayer's books showed this net amount of $6,385 as income accrued during the calendar year 1938.

8. Taxpayer filed a timely claim for refund of this assessment; and on October 2, 1941, the Commissioner allowed the claim, sanctioning an accrual of capital stock tax in the sum of $7,885 as a deduction in the 1937 income tax return. A certificate of overassessment was issued and a refund of income tax made to taxpayer about December 23, 1941. This refund was in the sum of $1,582.37, with interest of $107.53, and excess profit taxes in the sum of $765.84, with interest of $53.84. In allowing the $7,885 capital stock tax accrual as a deduction from 1937 income, the Commissioner determined that as only $1,500 of the accrued amount had actually been paid for the capital stock tax year which ended June 30, 1938, the difference between the amount accrued and that actually paid, namely, $6,385, should be included in taxpayer's income as reflected in its income and excess profits tax return for the calendar year 1938, and the refund was computed accordingly.

9. Subsequently, the Commissioner decided that the refund was erroneous, and taxpayer was requested to repay to the Government the amount thereof. Upon the taxpayer's refusal, this suit was instituted.

10. All of the events occurred within the calendar year 1937 which fixed the amount and the fact of the taxpayer's liability for capital stock taxes under the 1936 Revenue Act for the stock tax year ending June 30, 1938. The liability was not contingent, but definite, was not contested by the taxpayer, and was actually accrued upon its books. It was not until passage of a new law in May, 1938, that the capital stock tax obligation for the current year under the 1936 Act was wiped out and an obligation substituted under the 1938 Act.

11. At the argument of this case, counsel agreed that as of July 1, 1937, it was proper and necessary for taxpayer under its method of accrual accounting to accrue capital stock taxes in the amount of $7,885 under the 1936 Act for the capital stock tax year ending June 30, 1938. There is no question but that taxpayer's method of accounting clearly reflected net income.

12. Relying solely on the rule announced by the Tax Court in Budd International Corp. v. Commissioner, 45 B. T. A. 737 (which point was not reviewed when the case was considered on appeal, see, Budd International Corp. v. Commissioner, 143 F.2d 784, by the Third Circuit Court of Appeals), the Government contends that upon passage in May, 1938, of the 1938 capital stock tax law, which provided that the existing 1936 capital stock tax law should not be applicable to the current year ending June 30, 1938, and that new declarations of capital stock value could be made, a taxpayer filing a capital stock tax return under the 1938 Act, if using a lower declared value than its previous value by which it had been bound under the 1936 Act, should amend its July 1, 1937, capital stock tax accrual to reflect only the amount of capital stock tax paid under the 1938 Act rather than the amount of its liability under the 1936 Act, which would, of course, change its net income for the calendar year 1937 as

shown by its 1937 income tax return filed in the interim.

13. It is defendants' position that in accrual accounting, when conforming to the necessity for annual accounting periods for income tax purposes, in which each year must be regarded as a separate unit, proper practice requires that when all the events occur within a calendar year which fix the amount and the fact of a taxpayer's liability for an excise tax accrued though not paid, which liability is neither contested by the taxpayer nor contingent and not changed within a reasonable time after the close of the calendar year, the liability should be accounted and deducted as accrued during such year, and, if, as in this case, this liability is lessened by unexpected events occurring in a subsequent year after the income tax return has been filed, this change should be reflected by an entry in the subsequent year, crediting as income the amount by which the obligation has been so lessened, rather than by re-opening and adjusting the corporate books for the previous year. In this respect, defendants are correct.

## Conclusions of Law

1. This court has jurisdiction of this action as "a suit of a civil nature * * * brought by the United States," and, also, as a "case arising under a law providing for internal revenue." 28 U.S.C.A. § 41(1) and (5).

2. Net income for income tax purposes is computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping the taxpayer's books, if such method clearly reflects the income. 26 U.S.C.A. Int.Rev. Code, § 41; Huntington Securities Corp. v. Busey, 6 Cir., 112 F.2d 368.

3. At the time in question, capital stock taxes "paid or accrued within the taxable year" were deductible in computing net income for income tax purposes by corporations. 26 U.S.C.A. Int.Rev.Code, § 23(c).

4. A deduction for such capital stock taxes was allowable only for the taxable year in which "paid or accrued" or "paid or incurred," dependent upon the method of accounting upon the basis of which net income was computed, unless in order to clearly reflect income the deduction should have been taken as of a different time. 26 U.S.C.A. Int.Rev.Code, §§ 43, 48.

5. Under the 1936 capital stock tax law, in effect during the whole of the calendar year 1937, a corporation doing busines at any time from July 1 to December 31, 1937, became liable for a capital stock tax for the whole capital stock tax year ending June 30, 1938. Sec. 105, Revenue Act of 1935, C. 829, as amended by Sec. 401, Revenue Act of 1936, C. 690, 26 U.S.C.A. Int.Rev.Acts, page 796 et seq.

6. Capital stock tax for the year ending June 30, 1938, under the 1936 Act, was an excise tax and properly accruable as of July 1, 1937. First Nat. Bank v. Commissioner, 1 T.C. 370; I.T. 2827, 1934 I.R.Bul. p. 130.

7. Under the 1936 capital stock tax law, in effect until May 27, 1938, a corporation was bound by the value of its capital stock previously declared and could not amend the declaration, so that this factor was not variable in computing capital stock tax liability during 1937 for the capital stock tax year ending June 30, 1938. From the time of the accrual in question, on July 1, 1937, until May 27, 1938, the taxpayer's liability for capital stock tax under the 1936 Act in the amount accrued was fixed and certain. Sec. 105, Revenue Act of 1935, C. 829, as amended by Sec. 401, Revenue Act of 1936, C. 690.

8. Section 601(h) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1141, which became effective May 27, 1938, abolished liability under the 1936 Act for the current year.

9. Section 601(f) of the Revenue Act of 1938, which became effective May 27, 1938, permitted a new declaration of capital stock value for the capital stock tax year ending June 30, 1938.

10. Where, as here, in accrual accounting by calendar year periods for income tax purposes, all the events occur within a calendar year which fix the amount and the fact of a taxpayer's liability for an excise tax accrued though not paid, which liability is neither contested by the taxpayer nor contingent and not changed within a reasonable time after the close of the calendar year, proper accounting practice requires that such liability be accounted and deducted as accrued during such year, and, if such liability is lessened by unexpected events occurring in a subsequent year, after the income tax return has been filed, proper accounting practice requires that this be reflected by an entry in the

subsequent year, crediting as income the amount by which the obligation has been so lessened, rather than by re-opening and adjusting the taxpayer's books for the previous year. United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364; Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596; Van Norman Co. v. Welch, 1 Cir., 141 F.2d 99; Mertens Law of Fed. Income Taxation, Secs. 27.04, 27.12.

11. As taxpayer's method of accounting clearly reflected its income and it followed proper accounting practice in accruing the item in question in 1937, it follows that the item was properly deductible as accrued in 1937 and that judgment of no cause of action must be entered in favor of the defendants.