HOUSTON NATURAL GAS CORPORATION (TEXAS) SUCCESSOR TO HOUSTON NATURAL GAS CORPORATION (DELAWARE), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10995.   Promulgated October 3, 1947.

*John P. Lipscomb, Jr., Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

## OPINION.

JOHNSON, *Judge*: 1. The Commissioner determined that in 1940 Delaware realized taxable income of $310,918.80, representing "the difference between the purchase price of its subsidiaries' bonds and the face value of the same as of July 31, 1940, upon the liquidation of the subsidiaries." The parties are in agreement that Delaware acquired the bonds at a cost which was $310,918.80 less than their face value, and that upon the liquidations in 1940 each subsidiary transferred to Delaware assets of a value in excess of the face amount of the bonds. Petitioner contends that no gain is taxable because all the assets were distributed "in complete liquidation" of the subsidiaries as contemplated by section 112 (b) (6), Internal Revenue Code, which provides that no gain or loss is to be recognized for tax purposes upon the receipt of property so distributed.

Respondent agrees, as he must, that all the subsidiaries' assets were transferred to Delaware in the course of a complete liquidation and that under section 112 (b) (6) no gain is recognizable insofar as the assets transferred constituted a distribution in liquidation and cancel-

lation of the subsidiaries' stock, all of which was held by Delaware. But he argues that the amount available for this purpose must be reduced by the subsidiaries' obligations, which Delaware assumed, and among which were the subsidiaries' bonds, which Delaware held; that so much of the assets transferred as equaled the face value of the bonds must be considered as received by Delaware in satisfaction of the bonds, not in liquidation of the stock, and, since under this view the full face amount of the bonds was received, Delaware's gain in the amount of the discount of $310,918.80 is not precluded from recognition by section 112 (b) (6), and, hence, is taxable as income under the doctrine of *Helvering* v. *American Chicle Co.*, 291 U. S. 426.

In *H. G. Hill Stores, Inc.*, 44 B. T. A. 1182, we held that "The provisions of section 112 (b) (6), * * * do not and were not intended to cover a sale or transfer of assets to a creditor." Adhering to that view, we are of opinion that the Commissioner's determination here must be sustained. In the *Hill* case an insolvent subsidiary had transferred all its assets to a creditor parent, which assumed its liabilities. As the subsidiary owed the parent an amount greater than the value of the assets, the parent asserted its right to deduct the excess as a bad debt. We sustained its contention against the Commissioner's argument there that no loss was recognizable under section 112 (b) (6) because the subsidiary's transfer of assets was in liquidation. Under similiar facts we have approved similar deductions in *Glenmore Distilleries Co.*, 47 B. T. A. 213; *B. F. Sturtevant Co.*, 47 B. T. A. 464; and *Iron Fireman Manufacturing Co.*, 5 T. C. 452.

Delaware's subsidiaries were solvent and, hence, discharge of their obligations to the parent at par formed no basis for a deduction by the parent. But the principle of the cited decisions is not limited to transfers by insolvent subsidiaries; it supports the general proposition that a subsidiary's transfer of all assets to a creditor parent is first applicable to a discharge of its indebtedness to the parent, and it operates with equal force to require the recognition of any gain realized by the parent from a full collection of such indebtedness. It is the excess of the assets' value above indebtedness that constitutes a liquidating distribution, and the provisions of section 112 (b) (6) apply to that amount only.

Petitioner argues, to the contrary, that the cited cases are not applicable because the subsidiaries made no "sale" or transfer of their assets to Delaware in order to pay off the indebtedness due Delaware as holder of their bonds, and "such a payment or satisfaction did not occur in the liquidation of Delaware's subsidiaries." It stresses that "Delaware merely assumed payment of these bonds when due"; that the bonds were not canceled until December 1, 1940, and that the liquidation plan did not contemplate and did not involve any payment of them. Whatever color the literal form of the transactions may lend

to such views, the realities are to the contrary. Delaware could not acquire all the subsidiaries' assets in derogation of their creditors; the excess of their assets above their obligations was the maximum available for a liquidating distribution. And this is here *a fortiori* true because Delaware received the assets impressed with liens in favor of the bondholders, fortified by an actual conveyance to the trustee for the bondholders and by Delaware's own assumption of liability for obligations, including the bonds. As a result, Delaware received assets securing full payment of bonds which it itself owned and for which it itself was liable. Its position was identical with that of a bond issuer which acquires its own bonds at a discount. The amount of such discount has been held taxable as income, *Helvering* v. *American Chicle Co.*, *supra; United States* v. *Kirby Lumber Co.*, 284 U. S. 1, whether or not the bonds were canceled immediately or later. *Tennessee Consolidated Coal Co.* v. *Commissioner* (C. C. A., 6th Cir.), 145 Fed. (2d) 631; *Garland Coal & Mining Co.* v. *Helvering* (App. D. C.), 75 Fed. (2d) 663; *Eastern Building Corporation*, 45 B. T. A. 188.

Petitioner urges, further, that to treat the assets as received by Delaware partly in payment of the bonds and partly as a liquidating distribution is to make an unwarranted division of the liquidations for the application of section 112 (b) (6), and to create insuperable difficulties in determining Delaware's bases for the several assets under section 113 (a) (15). We are not impressed by these arguments. Section 112 (b) (6) applies only to distributions in liquidation, and such distributions can not comprise assets required for the discharge of obligations. As for bases, we fail to perceive that the difficulties of determination are any greater than would follow if the bonds had been owned by another and Delaware, pursuant to its assumption of liability, had satisfied them with cash from its general funds. We approve the determination that Delaware realized in 1940 taxable income of $310,918.80 representing the discount below par at which it acquired the bonds.

2. Petitioner contends that Delaware is entitled to deduct in 1940 $475 representing the part of its total capital stock tax for the year ended June 30, 1940, which is attributable to a 10-cent increase in rate imposed by section 205, Revenue Act of 1940, approved June 25, 1940. While the capital stock tax accrued, as respondent argues, on July 1, 1939, that accrual was operative only in respect of the rate of $1 then imposed by section 1200, Internal Revenue Code. As the increase in rate to $1.10 was the subject of an amendment to the law enacted June 25, 1940, liability for such increase had accrued, and deduction of the $475 in 1940 is therefore approved. *First National Bank in St. Louis*, 1 T. C. 370.

*Decision will be entered under Rule 50.*