## STATE OF MARYLAND, for Use and Benefit of BRANDT et al., v. EASTERN AIR LINES, Inc.

United States District Court
S. D. New York.

Dec. 16, 1948.

Howard F. Trussel, of New York City, for plaintiffs.

Haight, Griffin, Deming & Gardner, of New York City (David L. Corbin and Spencer V. Silverthorne, Jr., both of New York City, of counsel), for defendant.

HULBERT, District Judge.

Plaintiffs move to strike out three defenses in defendant's answer.

None of the plaintiffs are residents of this District.

The plaintiff administratrix resides in New Jersey, and the defendant is a Delaware corporation and maintains an office in New York, N. Y., but is not authorized to do business in that state.

The complaint alleges in part:

"Fourth: That at all of the times hereinafter mentioned, the defendant was or still is doing business as a common carrier within the territorial limits of the United States District Court for the Southern District of New York."

"Seventh: That on or about January 13, 1948 and prior thereto, the defendant was and still is duly authorized under Title IV, Section 401, of the 'Civil Aeronautics Act of 1938' to engage in air transportation as a common carrier with respect to persons, property and mail for hire, between various terminal and intermediate points, including the route between Atlanta, Georgia and New York, New York."

Paragraph Tenth alleges that on or about January 12, 1948, Lynn Brandt at Atlanta, Georgia, applied to the defendant for transportation to Newark, New Jersey, as a passenger for hire, and after payment of his fare, was received aboard defendant's airliner. While so travelling the airplane crashed at or near Oxon Hill, Prince Georges County, Maryland, and said passenger, due to the negligence of the defendant, received injuries, from which he died.

The foregoing allegations are admitted by paragraph 2 of defendant's answer, except that it denies any undertaking, contract, or agreement to convey or transport the said Lynn Brandt safely.

The First and Second Defenses read as follows:

"First Defense: Defendant objects to the maintenance of the present action within the Southern District of New York on the grounds that none of the parties, including the equitable plaintiffs, is alleged to be a resident or inhabitant of said District, the decedent Lynn Brandt was not a resident of said District, the accident in connection with which a recovery is sought took place in Prince Georges County, Maryland, during the course of an airplane flight between Winston Salem, North Carolina and Washington, D. C., and numerous witnesses to said accident, including eyewitnesses and other persons whose testimony will be material and necessary at the trial, are non-residents of said District and are not subject to service of process by subpoena issued out of this Court. By reason of the foregoing facts, defendant requests the Court to decline jurisdiction of this action.

"Second Defense: The jurisdiction of this Court is invoked solely on the ground that the action is between citizens of different states. None of the parties, including the equitable plaintiffs, was, at the time of commencement of this action, a resident or inhabitant of the Southern District of New York; therefore suit may not be maintained in the District Court for the Southern District of New York."

Section 1406 of the new Title 28 U.S.C. provides, in part:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall transfer such case to any district or division in which it could have been brought."

Defendant requests for convenience of witnesses, if the Court determines to trans-fer this cause for that reason, that it be transferred to the District Court for the District of Columbia.

■ At the time this action was instituted, the defendant had not obtained a certificate of authority to do business in New York State, nor had it filed a designation of an agent upon whom process could be served in this state, pursuant to § 210 of the New York General Corporation Law, Consol.Laws, c. 23. Consequently this forum was improper at the time of filing the complaint for the institution of the action. Iocono v. Anastasio, unreported, Civ. 43–181, D.C.S.D.N.Y., October 23, 1947. Plaintiffs request that, if this forum is found to be improper, the case should be transferred to the District of New Jersey, where one of the equitable plaintiffs resides. The case could have been instituted in the District Court for the District of New Jersey, and it will be so transferred, which will dispose of the motion to strike out the first and second defenses.

■ The Third Defense obviously raises a justiciable issue.

It reads as follows:

"Third Defense: Plaintiffs failed to file with defendant at defendant's general office, a written notice of plaintiffs' claim within ninety (90) days after the alleged occurrence of the events complained of, as required under General Rule 17(A) of Local and Joint Passenger Rules Tariff No. PR-2, issued September 23, 1947, effective October 23, 1947, and on file with the Civil Aeronautics Board in Washington, D. C., and at all offices of the carrier, according to law. These rules are and at all times since the alleged occurrence of the events complained of have been, in full force and effect. Defendant was and is a carrier participating in said rules. According to these rules, plaintiffs may not bring this action."

The motion to strike out that defense is denied.

Settle order on notice.