LUMBERMENS MUT. CASUALTY CO. v. MOHR et al.

Civ. A. No. 995.

United States District Court
S. D. Texas, Galveston Division.

Nov. 23, 1949.

Fulbright, Crooker, Freeman & Bates (Sam W. Cruse), of Houston, Texas, for plaintiff.

Helm & Jones (Albert P. Jones), of Houston, Texas, for defendants.

KENNERLY, Chief Judge.

This is a suit under the Texas Workmen's Compensation Law, Articles 8306 to 8309, Vernon's Civil Statutes of Texas. In the pleadings in the case, it is set forth that Samuel F. Mohr, while in the employ of the H. F. Rosenbush Insurance Claims Service, in Brazoria County, Texas, in this

District and Division, on or about June 4, 1948, sustained injuries which resulted in his death. Claim was filed with the Industrial Accident Board of Texas for compensation under such Law, and that Board on March 9, 1949, made an Award in favor of Defendants (surviving wife and son of deceased) against Plaintiff, the insurance carrier of such employer. Plaintiff timely gave notice of its dissatisfaction with such Award, and on March 28, 1949, timely filed this suit in this Court to set the Award aside. Amended Complaint was filed March 31, 1949. In both the Original Complaint and the Amended Complaint, Defendants are alleged to be residents and citizens of Harris County, Texas, in the Houston Division of this Court. Plaintiff is alleged to be a resident citizen of the State of Illinois. The amount in controversy appears to exceed $3000, exclusive of interest and costs.

Process for Defendants having been returned unexecuted, Plaintiff undertook to bring Defendants into Court by giving them notice by registered mail.

Defendants have appeared specially to move to quash the service by registered mail, and to bring forward the claim that venue is not in this Court and District. They allege and show that they were at the time this suit was filed, have been since, and are now citizens of the State of Alabama, residing in the Eastern Division of the Northern Judicial District of Alabama. Plaintiff has filed a Motion to Transfer the case to the United States District Court for the Eastern Division of the Northern District of Alabama.

■ 1:—It is perfectly plain and undisputed, as has already been held, that the purported or attempted service on Defendants by registered mail cannot be upheld and should be quashed.

■ 2:—Under the ruling of this Court in New York Indemnity Co. v. Rasmusson, 1 F.Supp. 156, and under Subdivision (a) of Section 1391, 28 U.S.C.A., Federal Judicial Code of September 1, 1948, it is likewise clear I think that the venue in this case is not in this Court nor District. I do not think that there is anything in Birdwell v. Indemnity Insurance Co. of North America, D.C., 48 F.Supp. 950, Castellano v. Indemnity Insurance Co. of North America, D.C., 52 F.Supp. 941, and Hawthorne v. Anchor Casualty Co., D.C., 53 F.Supp. 475, which Plaintiff cites, in conflict with this view. Nor is there in the line of cases represented by Ellis v. Associated Industries Ins. Corp., 5 Cir., 24 F.2d 809, and cases there cited.

3:—The remaining question is whether the case should be transferred to the United States District Court for the Northern District of Alabama under Subdivision (a) of Section 1406 of such Code. This question I think must be answered in the affirmative if this suit "could have been brought" in the Court of that District. I think that under the weight of authority, it could have been brought there. United Dredging Co. v. Lindenberg, 5 Cir., 18 F.2d 453. Stepp v. Employers' Liability Assurance Corp., D.C., 30 F.Supp. 558. I find nothing in Green v. J. A. Jones Construction Co., 5 Cir., 161 F.2d 359, in conflict with this view.

Let Order be drawn and presented, sustaining Defendants' Motion to Quash, denying Defendants' Motion to Dismiss, and granting Plaintiff's Motion to Transfer.