## SCHILLER v. MIT–CLIP CO., Inc.

### No. 116, Docket 21428.

United States Court of Appeals Second Circuit.

Argued Feb. 28, 1950.

Decided March 17, 1950.

Harry Price, New York City, for appellant.

Irving Fox, New York City, for appellee.

Before L. HAND, Chief Judge, and GOODRICH and FRANK, Circuit Judges.

PER CURIAM.

The plaintiff sues under the Anti-Trust Acts to recover damages, caused by a conspiracy between the corporate defendant and its treasurer, by which they are seeking to acquire a monopoly in the sale of "elas-

10. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 1425, 1428.

tic glove attachments," by fraudulently threatening the plaintiff's customers with litigation upon "alleged patent rights." The treasurer (who has never been served) is a resident of Minnesota; the corporate defendant was organized under the law of that state; the plaintiff is a resident of New York. The defendants moved [1] to dismiss the action because the corporation had never done enough business in the Southern District of New York to become "present" there for purposes of a suit *in personam,* and because the treasurer was not a resident. In support of this motion the defendants showed that the only business, ever done in New York by either defendant, was one trip of the treasurer to that city for a day and a half, during which he had called upon four prospective customers and showed them the little gadget, which the corporation makes and sells. He made no contracts and secured no more from those whom he interviewed than a promise to "discuss" the matter "with their buying departments." The judge did not dismiss the action, but, *sua sponte,* transferred it to the District of Minnesota, Fourth Division, by virtue of the power conferred under § 1406(a) of the Judicial Code.[2] The plaintiff has appealed, and has filed a petition for a *mandamus* to compel the judge to revoke this transfer.

The infirmities of the appeal are exceeded only by the hardihood of the plaintiff in taking it. It has never been suggested in any court at any place or at any time, so far as we are aware, that a corporation becomes "present" so as to be subject to suit *in personam,* unless it has pursued some more or less "continuous" activity within the jurisdiction. The single excursion of the treasurer was utterly insufficient to give the district court any power to proceed against it; and the action has abated against the treasurer personally, because of failure to serve him within three months.[3] True, the defendants did not ask for a transfer under § 1406(a); but for a

dismissal. However, the plaintiff cannot complain because he has not suffered the dismissal which he so richly deserved. If he is not content with the favor of an opportunity to try his case in Minnesota, he has only to consent to a dismissal under the Rule,[4] for the defendants have not yet answered. A transfer under § 1406(a) did not depend upon the inconvenience of trying the action where it has been brought; it presupposed that the judge shall transfer the action, because it has been brought in the wrong place. Whether we should have any jurisdiction, either by appeal, or by *mandamus,* to review such an order, we need not decide. We dismiss the appeal and deny the motion.

As for the appeal from the denial of the motion for a temporary injunction, the judge had of course no alternative but to refuse to decide it, and his order will be affirmed.

Appeal from the order of the transfer dismissed; petition for *mandamus* denied.

Order denying motion for temporary injunction affirmed.

---

1. Rule 12(b) (2) of Rules of Civil Procedure, 28 U.S.C.A.

2. § 1406(a), Title 28 U.S.C.A.

3. Rule 1, Civil Rules, District Court for the Southern District of New York.

4. Rule 41(a) (1) (i), Federal Rules of Civil Procedure.