**UNITED STATES v. ROSENBLUTH et al.**

Civ. No. 28691.

United States District Court,
N. D. Ohio, E. D.

March 3, 1952.

Paul Marshall, Cleveland, Ohio, Atty. Office of Rent Stabilization, for plaintiff.

J. Newton Davies, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

Motion has been made to dismiss the action because not brought within the statutory time fixed by Section 205(c) of the Housing and Rent. Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1895(c).

Concededly more than one year has elapsed since the overcharge (bonus) for which restitution is sought.

The applicable part of the section of the statute follows: "(c) Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction regardless of the amount involved, or in any State or Territorial court of competent jurisdiction, within one year after the date of violation: *Provided, That if the person from whom such payment is demanded, accepted, received, or retained, or the person wrongfully evicted, either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may settle the claim arising out of the violation or within one year after the date of violation may institute such action.* * * * *"
(Italics is by the court.)

The United States opposes the motion, citing several Circuit Court decisions and contends that the part of Section 205 above set forth "is not applicable to a suit in equity for restitution." It may be noted there no longer is such a thing as a "suit in equity" because in the Federal Rules of Civil Procedure Rule 2, 28 U.S. C.A., "there shall be one form of action to be known as 'civil action'". With all due humility and respect, I think the cases relied upon are not bottomed upon sound

legal concept. If Section 205(c) does not refer to claims of the character under consideration here, I am unable to understand what the italicized portion of the statute refers to. If it isn't intended as a means for recovery of overcharge (restitution) then I find no express provision elsewhere for such recovery. In my view, the statute should be interpreted in accordance with its express words, there is no ambiguity, no requirement for judicial amendment, or for speculation on the congressional intent to protect low income groups. It must be assumed that statutes are for the protection of all. Attributing to Congress policies and intentions which it easily might have expressed, but did not, in its legislation, seems to have become a judicial habit which I think not in keeping with the original concept of separate powers. The wide judicial sweep and broad judicial extension given to vague sections of the rent law well illustrate the usual result when it seems necessary to bolster legislation which, as I think, not only is and has been constitutionally invalid, but which has been continued in force beyond the crisis or emergency that originally brought the law into existence. The proviso in the statute (Section 205(c) directly and clearly relates to an excessive payment demanded and obtained of a tenant, and if the tenant fails to sue to get it back within thirty days, the United States can institute an action to recover on the claim within a year thereafter. The greater part of Section 205(c) is devoted to just that remedy and I can read no provision into it that the Government, by joining the suit to recover with an action to enjoin violations, thus can nullify the express words of the statute.

In the language used by one of the authorities,—what is sought to be accomplished here is the indirect pressing of a claim which under the statute cannot be done directly.

Coupling a provision for restitution with a prayer for injunction does not, as it seems to me, justify an avoidance of the statute. The two remedies and the relief sought are in no way related, nor dependent one upon the other; their purposes are wholly different. The fact that this action to enjoin violations was not brought until thirteen months after the alleged violations, furnishes some ground for believing that the authorities realized the passing of the statutory period as to the claim for overcharge, and hoped to avoid the prohibition of the statute by a belated prayer for injunctive relief.

Most of the cases relied upon for support stem from Porter v. Warner Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (strong dissenting opinion by Mr. Justice Rutledge and joined in by Mr. Justice Reed and Mr. Justice Frankfurter).

It is my opinion that not only has there been a misconstruction of the Supreme Court's ruling in that case, but a misuse of it. The majority opinion held that such procedure and relief, joined in a so-called equity proceeding, was within the power of the court to entertain and grant, but it did not hold that the trial court was required, in such joint action, to grant the relief of restitution at the instance of the expediter (United States). Nor did the Supreme Court in Porter v. Warner Co., supra, overrule the principle that recovery through an independent suit in equity could not be obtained if an adequate legal remedy were available. 328 U.S. at page 399, 66 S.Ct. 1086. There was an adequate legal remedy for securing restitution in this case, but the time within which to bring the lawsuit was allowed to expire.

Even, if under Porter v. Warner Co., supra, a prayer for restitution properly may be joined in an action for injunctive relief, the district court may exercise the discretion that belongs to it and deny recovery. 328 U.S. at page 403, 66 S.Ct. 1086.

In this case the court would be abundantly justified in exercising its discretion to deny restitution where thirteen months had elapsed before such combination action was commenced. Such a delay, in my view, would constitute laches and furnish adequate ground for the exercise of discretion by denial.

Motion to dismiss as to the provision for restitution will be granted and overruled as to the injunctive feature.