**ARVIDSON et al. v. REYNOLDS METALS CO.**

Civ. No. 1415.

United States District Court, W. D. Washington, S. D.

April 7, 1952.

52

Schafer, Holbrook & Cronan, Portland, Or., for plaintiffs.

Henderson, Carnahan & Thompson, Tacoma, Wash., and King, Wood, Miller, Anderson & Nash, Portland, Or., for defendant.

JAMES ALGER FEE, District Judge.

Plaintiffs, in an action filed by them in the United States District Court for the Western District of Washington, Southern Division, allege that parcels of real property owned by them, respectively, situate in the State of Washington, have been trespassed upon by the defendant and seek damages because of injury thereto. The trespass was alleged to have been committed by means of gases, fumes, and particulate matter which physically invaded said lands and caused injury. It is alleged that the fumes, gases and particulate matter were emitted by an aluminum plant owned and operated by defendant and located in the State of Oregon.

The defendant has moved to transfer the cause to the District of Oregon on the ground of convenience of witnesses and parties under the terms of 28 U.S.C.A. § 1404(a).

Notwithstanding the broad terms of the statute, the transfer cannot be made for jurisdictional reasons:[1] first, the courts of the State of Oregon have no power to entertain or adjudicate trespasses upon real property situate in the State of Washington; second, no one of plaintiffs has submitted himself to the jurisdiction of the courts of the State of Oregon or to the federal court there. Both of these propositions are fundamental, and either is fatal to the attempt of defendant to transfer the action.

It may well be that the law of some states, and perhaps of the majority, is that an interstate trespass can be prosecuted either in the state of origin or in the state of injury. But the courts of the State of Oregon hold that no jurisdiction in them subsists over a trespass upon land in another jurisdiction[2]. This doctrine is then binding upon the federal courts sitting in Oregon because of (1) the inherent character of the rule as purely local substantive law, (2) the holding that federal courts apply local substantive law,[3] and (3) because plaintiffs have chosen the forum where the land is situate. Hence, the United States District Court for the District of Oregon has no jurisdiction of the subject matter of the action.

Not only have plaintiffs chosen the Washington forum, but they are also not personally subject to the authority of any other court in any other state. This concept is fundamental to the inherent sovereignty of the separate states. It stems from the fact that a citizen of a state is entitled to relief in the courts thereof and not in some alien tribunal which may be thousands of miles away at the behest of a foreign corporation.[4]

1. Inherent in the mandate of § 1404(a), that the transferee forum be one where the action "might have been brought," are the requirements of jurisdiction of the subject matter and jurisdiction over the parties. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; United States v. Reid, D.C., 104 F.Supp. 260.

2. Montesano Lumber Co. v. Portland Iron Works, 78 Or. 53, 152 P. 244; Dippold v. Cathlamet Timber Co., 98 Or. 183, 193 P. 909. See O.C.L.A. § 1-401.

3. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

4. See Gravely Motor Plow & Cultivator Co. v. H. V. Carter Co., 9 Cir., 193 F.2d 158, 162.
   The argument that, since requirements of jurisdiction over the person are imposed for the benefit of defendant, he can waive them, and plaintiff therefore should not be heard to argue, upon defendant's motion for transfer, that plaintiff is outside the jurisdiction of the transferee

■ The statute in question is said to be an enactment based on the doctrine of forum non conveniens. But, under that doctrine, the cause was simply dismissed and no attempt was made to force a court of another jurisdiction to hear the cause. The purpose of the statute was to allow a transfer of a cause to a court where jurisdiction of the subject matter and of all litigants could both be obtained. Jurisdiction of the subject matter and jurisdiction of the persons litigant in the transferee court are both required by the statutory phrase, "might have been brought." Of course, an action can be brought anywhere. However, the words of the enactment cannot be rationalized to mean that an action "might have been brought" where neither jurisdiction of the subject matter nor jurisdiction of the persons litigant[5] is obtainable. The mere fact that the court to which transfer is attempted has general jurisdiction of the type suit presented does not confer authority to try a particular suit where these factors are lacking.

The original statute for removal was passed because of a feeling that the state courts might not be fair to a person from another state and particularly to a foreign corporation. Therefore, a federal tribunal was provided in the same state where justice could be done. Plaintiff, if he sue in a state court, cannot remove the cause to the federal court, nor remove it to a federal court of another jurisdiction.[6] Now it is claimed a plaintiff cannot choose a forum of his own state and remain there if a foreign corporation seek to drag him to a federal court where conditions are most favorable to it. Such a further distinction seems to favor unduly foreign corporations, whereas the modern tendency has been to limit or abolish diversity of citizenship jurisdiction created to favor them.

Under the forum non conveniens doctrine, it was assumed to be the obligation of the court to hear any cause within its jurisdiction unless the obstacles thereto were almost insuperable.[7] The doctrine of dismissal of the cause, under such circumstances, was distinctly predicated upon the existence of a forum where jurisdiction of the parties and of the subject matter was obtainable in a new action filed there.[8] The factors that the cause of action arose and the parties resided in the other jurisdiction were also of great weight. It seems fair to say that, all other things being equal under the former state of affairs, this case would never have been dismissed under the forum non conveniens doctrine. But we do not place the decision on that ground, but on the ground of jurisdiction and the language of the statute.

forum is too specious for consideration. Jurisdiction of the person is a requirement imposed for the benefit of all the parties litigant—plaintiff as well as defendant.

5. In granting a petition for a writ of prohibition to prevent the transfer of an action, based on diversity of citizenship, because the transferee forum had no jurisdiction over the defendant, the Court of Appeals for the Second Circuit, speaking through Judge Learned Hand, in reference to § 1404(a), arrives at the result by a simple process of statutory construction. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, 952. While the reasoning there would be sufficient to dispose of this case, it is sound to decide upon the elements here actually involved.

6. 28 U.S.C.A. § 1441(a); Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; Glover Machine Works v. Cooke Jellico Coal Co., D.C., 222 F. 531; Baker v. Keebler, D.C., 29 F.Supp. 555.

7. Cox v. Pennsylvania Railroad Co., D.C., 72 F.Supp. 278; Mazinski v. Dight, D.C., 99 F.Supp. 192. For excellent discussions of the doctrine, see 29 Columbia L.Rev. 1; 60 Harv.L.Rev. 908; 50 Yale L.J. 1234.

8. 29 Columbia L.Rev. 33–34; 50 Yale L.J. 1247. Explicit recognition of this requirement was given by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055: "In all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; * * *." It is also reiterated in Mazinski v. Dight, D.C., 99 F.Supp. 192, 193.

Whatever the statute says, its terms are powerless to confer on an alien court jurisdiction of the subject matter and of the persons of litigants who have chosen their own tribunals.

The motion to transfer is denied.