**PETROLEUM FINANCIAL CORP.**
**v. STONE et al.**

United States District Court,
S. D. New York.

Sept. 30, 1953.

Thaddeus G. Benton, New York City, for plaintiff.

Duke & Landis, New York City, for defendants.

DIMOCK, District Judge.

Plaintiff moves for a rehearing on that part of my decision of August 17, 1953 denying its motion to vacate the order, D.C., 111 F.Supp. 351, setting aside the service of the summons on two of the defendants in this case and dismissing the action as to them and, if I do not change my views on the question of service, that this action be transferred to the United States District Court for the Southern District of Texas. Counsel for defendants oppose this motion.

The question of the sufficiency of service involved in the motion for rehearing has been ruled upon twice and I will not grant any further hearing.

On the question of transfer to Texas, defendants' position seems to be that this court lacks power to grant this relief since it has not obtained jurisdiction over defendants. Plaintiff, however, urges that a transfer can be made under section 1404(a) of Title 28 U.S.C. and the question arises whether a district court can effect a transfer in a diversity of citizenship case under that statutory provision where a complaint has been filed but service upon the defendants has been vacated and it appears that service cannot be effected so as to give that court jurisdiction in personam over the defendants.

The Supreme Court has said in passing "§ 1404(a) of the Code deals with the right to transfer an *action properly brought.*" (Italics mine.) Ex parte Collett, 337 U.S. 55, 60, 69 S.Ct. 944, 947, 959, 93 L.Ed. 1207. It has been held that a transfer to another district cannot be effected where the District Court cannot obtain jurisdiction over the person of the defendant. Fistel v. Beaver Trust Co., D.C.S.D.N.Y., 94 F.Supp. 974; see McDaniel v. Drotman, D.C.W.D.Ky., 103 F.Supp. 643. Likewise, there is authority negating the power of a district court to transfer a case to another district where the district court lacks jurisdiction over the subject matter of the action: First Nat. Bank of Chicago v. United Air Lines, 7 Cir., 190 F.2d 493, 496, reversed on other grounds 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441, involving, however, 28 U.S.C. § 1406(a); Burns v. Chubb, D.C.E.D.Pa., 99 F.Supp. 581, but quaere whether the defect there was not one of venue, so as to be susceptible of treatment under 28 U.S.C. § 1406(a), rather than jurisdictional. Finally where a case commenced in a state court was removed to the wrong federal district court, that court held that it obtained no jurisdiction over the action and therefore it lacked power to transfer the case to the federal district court to which the action should have been removed. Scarmardo v. Mooring, D.C.S.D.Tex., 89 F.Supp. 936.

The only authority I find indicating a different conclusion is Schiller v. Mit-Clip Co., 2 Cir., 180 F.2d 654. There, where plaintiff objected to the transfer of his action under 28 U.S.C. § 1406(a), the Court of Appeals dismissed the appeal from the order of transfer and denied on the merits a petition for mandamus to compel revocation of the transfer. The action was against an individual defendant and a corporate defendant but it had abated as to the individual defendant who was a non-resident because of failure to serve him within the

time required by local rule. With respect to the corporate defendant, the court stated that jurisdiction in personam could not be obtained over it. Although the question of the propriety of the transfer was brought before the Court of Appeals by plaintiff and the record on appeal indicates that defendant argued in support of the transfer, the effect of the Court's decision was to approve a transfer made in a case where there was no personal jurisdiction over the defendants and the action was before the District Court only by virtue of the complaint filed. The court did say that it felt that plaintiff had no ground for complaint since he could have avoided the transfer by moving voluntarily to dismiss his claim which it suggested would have been required by defendant's motion to dismiss. Such a dismissal, however, would have deprived plaintiff of a direct review by appeal of the granting of defendant's motion to dismiss. Thus, if the District Court lacked power to transfer the case, the Court of Appeals would have been required to reverse the order of the District Court or grant the petition for mandamus and leave for a later appeal an order dismissing the action.

■■ Perhaps that case can be distinguished on the ground that the action was brought, at least as to one of the causes of action, under the anti-trust laws. It appears that service upon the defendant corporation was made upon it in the state of its incorporation. By virtue of section 12 of the Clayton Act, 15 U.S.C. § 22, there are no territorial limits upon service of the corporate defendant in a private anti-trust action, Newmark v. Abeel, D.C.S.D.N.Y., 102 F. Supp. 993; see Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, 115, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687. Thus, the corporate defendant at least was amenable to the process of the District Court and therefore the District Court could have obtained personal jurisdiction over the corporate defendant. The defect in the action would have been improper venue, since the defendant corporation was not "found" within the judicial district of the District Court below, rather than lack of jurisdiction over the person, and a transfer under 28 U.S.C. § 1406(a) would have clearly been proper. That, however, was not relied upon by the Court of Appeals. Indeed, it explicitly accepted as a fact the lack of personal jurisdiction and made no reference to the possibility of jurisdiction over the person.

Another distinction might be that the transfer there was made under 28 U.S. C. § 1406(a) rather than under 28 U.S.C. § 1404(a) as is requested here. Such a distinction, however, is without substance. It is true that the former provision has as its object remedying defects in venue while the latter merely authorizes transfers where, though venue and jurisdiction may lie, the convenience of parties and witnesses and the interest of justice make more desirable a different forum. I find no warrant however in the language of the statute or otherwise, for holding that lack of personal jurisdiction over defendants permits the granting of a transfer under one but not under the other, assuming the factors that bring each into play are present.

■■ I must, of course, concede that section 1404(a) was an embodiment of the doctrine of *forum non conveniens*. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624, and that that doctrine "can never apply if there is absence of jurisdiction" and that it "presupposes at least two forums in which the defendant is amenable to process". Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504, 507, 67 S.Ct. 839, 841, 842, 91 L.Ed. 1055.

The explanation for these two requisites for the application of the doctrine of *forum non conveniens* probably is that in a situation such as this the doctrine would not come into play. The doctrine if applied would merely have resulted in the dismissal of the action and a plaintiff facing the likelihood of dismissal for lack of jurisdiction could find no solace in seeking the application of that doctrine.

Likewise a defendant who could have obtained dismissal for lack of jurisdiction over him would have no occasion to seek the application of the doctrine.

■ The passage of the statutory provision, 28 U.S.C. § 1404(a), placed the problem on a different footing. Now the court has power to transfer rather than dismiss cases. Thus the fact that the doctrine of *forum non conveniens* would not have been applied where the court lacked jurisdiction before the enactment of the transfer provision does not require the application of the same standards where the court now has available to it machinery which could be employed to serve the interest of justice in a different situation. On the other hand, the requirement of the doctrine remains that defendant be amenable to process in the second forum, or, to make the language applicable to the new statute, the district to which the case is to be transferred. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Rogers v. Halford, D.C.E.D.Wis., 107 F.Supp. 295; Arvidson v. Reynolds Metals Co., D.C. W.D.Wash., 107 F.Supp. 51; Cf. Anthony v. RKO Radio Pictures, D.C.S.D. N.Y., 103 F.Supp. 56.

■ Although I entertain serious doubts upon the matter, I will follow what the language of the Court of Appeals indicates to be the law of this Circuit and that is that a District Court has power to transfer to another district a case in which a complaint has been filed but personal jurisdiction over the defendants has not been obtained. Whether cases may arise in which it would be unreasonable, inequitable or vexatious to permit such a transfer, I need not decide. Such questions can be dealt with when they are presented. Here defendants make no contention that they will be prejudiced by the transfer or that, assuming the court has power, the transfer is not warranted under § 1404(a). I think that the convenience of parties and witnesses and the interests of justice call for the transfer and I will therefore grant the motion to transfer this case to the United States District Court for the Southern District of Texas.