**UNITED STATES of America,**
**Plaintiff,**

v.

**Francis C. WELCH and F. Murray Forbes, Jr., Executors of the Last Will and Testament of Donald T. Carlisle, Deceased, and Katherine V. Carlisle, Defendants.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Francis C. WELCH and F. Murray Forbes, Jr., Executors of the Last Will and Testament of Donald T. Carlisle, Deceased, Defendants.**

United States District Court
S. D. New York.

May 14, 1957.

Paul W. Williams, U. S. Atty., New York City, Robert J. Ward, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

J. Seymour Montgomery, New York City, for defendants.

SUGARMAN, District Judge.

The United States sues to recover sums of money allegedly refunded to defendants by mistake as erroneously collected income taxes.

On November 15, 1950, such a refund was made to Donald T. Carlisle and on July 7, 1950, two such refunds were made, one to Donald T. Carlisle and Katherine V. Carlisle jointly, and to Donald T. Carlisle alone.

Before the expiration of the two-year period of limitation prescribed by Section 3746(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3746(b), i. e., on June 20, 1952, complaints in actions to recover these refunds were filed in the United States District Court, District of Massachusetts, the district wherein the defendants had filed their income tax returns for the years in question and where the refunds were made.

Process duly issued to the Marshal who attempted to serve the defendants but he was unable to find them in his district. Thereupon the United States investigated and learned that the defendants resided within the Southern District of New York.

On September 17, 1952, the two actions were transferred to this district but process was not issued to the Marshal here until July 31, 1953. Service was effected on the defendants on August 4, 1953.

The defendants now move for an order dismissing the actions because: (1) the transfers "to this Court from the District Court of the United States for the District of Massachusetts [were] improper, unauthorized, invalid, null and void, beyond the power of the District Court of the United States for the District of Massachusetts, and further, [were] not the act of said Court"; (2)

the actions were "not commenced within the time limited therefor by Section 3746(b) of the Internal Revenue Code of 1939"; and (3) plaintiff allegedly failed "to prosecute the same or to comply with Rule 4(a) of the Rules of Civil Procedure [28 U.S.C.A.] in that Plaintiff failed to act with due diligence in the issuance by the Clerk and service of process on the defendants."

The first branch of the motion is in two parts: one is a contention that the court does not have jurisdiction of the subject matter and the other is a contention that the purported orders of transfer were nullities being attempts of the clerk of the district court in Massachusetts to usurp the function of a judge.

The second part of the first branch of the motion is refuted by the affidavit of the clerk of that court certifying to the signature of Chief Judge George C. Sweeney endorsed on the motion papers, granting the motion for transfer of the actions to this court. This was done in conformity with the usual practice of that court.[1] What the clerk did beyond that was purely the ministerial implementation of the judge's order.

As to the first part of the first branch of the motion this court has jurisdiction of the subject matter of the actions if (a) the Massachusetts District Court had jurisdiction of the subject matter and (b) the order of transfer was proper.

The District of Massachusetts and every other district court in the federal judicial system did have jurisdiction of the subject matter under Title 28 U.S.C.A. § 1345.[2] However, venue was not properly laid in the District of Massachusetts.[3] Neither defendant in these actions resided in the District of Massachusetts when the actions were commenced but, it is agreed by the parties, from 1946 to date the defendant Katherine V. Carlisle has resided in the Southern District of New York and her

1. Cf. General Rule 10(a), D.C.S.D.N.Y.

2. United States v. Detroit Moulding Corporation, D.C.Mich.1944, 56 F.Supp. 754.

3. 28 U.S.C.A. § 1391(b).

late husband, Donald T. Carlisle, resided in this district from 1946 until his death in 1956.

Obviously, the motion for a transfer presented to and granted by Chief Judge Sweeney on September 17, 1952, was predicated upon 28 U.S.C.A. § 1406(a) which provides:

> "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The transfer being quite proper,[4] the motion to dismiss for the reasons ascribed in the first part of the first branch of the motion is denied.

The second branch of the motion to dismiss, i. e., on the ground of the running of the statute of limitations,[5] is denied. The actions were "commenced" within the two-year statutory period when the complaints were filed with the Massachusetts District Court[6] and the summonses were issued simultaneously, delivered to the Marshal within four days and returned by him with his certificate within twenty eight days.[7]

As to the third branch of the motion to dismiss the actions, i. e., for failure to prosecute the same, the actions having been seasonably commenced in Massachusetts, the defendants cannot show any prejudice to them[8] even though the ultimate service was not accomplished in this district until many months later. Under the circumstances here presented and in the exercise of sound discretion[9] the plaintiff is not chargeable with the inadvertent failure to immediately procure the issuance of the summons in this district.

The motions are in all respects denied. It is so ordered.

4. Schiller v. Mit-Clip Co., Inc., 2 Cir., 1950, 180 F.2d 654.

5. 2 Moore's Fed.Prac. (2d Ed.) 2257.

6. F.R.Civ.P. 3; 2 Moore's Fed.Prac. (2d Ed.) 745, 746.

7. 2 Moore's Fed.Prac. (2d Ed.) 1038.

8. United States v. Greitzer, D.C.E.D.Pa. 1955, 18 F.R.D. 304.

9. 5 Moore's Fed.Prac. (2d Ed.) 1036.