**GOLDLAWR, INCORPORATED,**
Plaintiff,

v.

**Milton SHUBERT, William Klein, Sylvia W. Golde, Marcus Heiman, Select Operating Corporation and United Booking Office, Inc., Defendants.**

United States District Court
S. D. New York.
Aug. 10, 1959.

See also 169 F.Supp. 677.

Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for plaintiff, Harold E. Kohn and Dolores Korman, Philadelphia, Pa., of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Milton Shubert, Francis A. Brick, Jr., New York City, of counsel.

Hess, Mela, Segall, Popkin & Guterman, New York City, for defendant William Klein, Lionel S. Popkin, New York City, of counsel.

Perkins, Daniels, McCormack & Collins, New York City, for defendant Sylvia W. Golde, Freeman J. Daniels, New York City, of counsel.

Lipper, Shinn & Keeley, New York City, for estate of Marcus Heiman, Aaron Lipper, New York City, of counsel.

Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., Gerald Schoenfeld, and Bernard B. Jacobs, New York City, for Select Operating Corp. and United Booking Office, Inc., C. Russell Phillips and Hugh G. Moulton, Philadelphia, Pa., of counsel.

PALMIERI, District Judge.

This is an antitrust action originally instituted on October 17, 1956 by plaintiff against various persons and corporations in the Federal District Court for the Eastern District of Pennsylvania. That Court retained the action as to defendants found to be properly before it and, on March 3, 1959, ordered the action transferred to this Court as to the above-named defendants for lack of proper venue in Pennsylvania. Motions filed here by defendants subsequent to transfer will be discussed seriatim.

**I**

Motion of Defendants Select Operating Corporation and United Booking Office, Inc. to Dismiss for Lack of Jurisdiction

Select Operating Corporation and United Booking Office, Inc. are incorporated and have their offices in New York. Plaintiff, claiming the right to extraterritorial process under Section 12 of the Clayton Act, 38 Stat. 736 (1914), 15 U.S.C.A. § 22, served these defendants in New York, by alias summons, in February and March of 1957. Defendants immediately moved to quash the returns of service of the summons and to dismiss for lack of jurisdiction and improper venue. In an opinion dated December 22, 1958, D.C., 169 F.Supp. 677, the Court in Pennsylvania held that venue was improper, finding that defendants were not inhabitants of or found in Pennsylvania, and did not transact business there as required by Section 12 of the Clayton Act. Transfer was ordered without ruling upon the motions to dismiss for lack of personal jurisdiction.

Service of the alias summons was the only service of process ever received by either defendant in this District. Therefore, the first question presented is whether, under Section 12 of the Clayton Act, the extraterritorial service of process while the action was pending in Pennsylvania had the effect of giving this Court, on transfer, personal jurisdiction over the defendants.

Section 12 provides:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

If the service purported to be made under this section was effective to give the Court in Pennsylvania personal jurisdiction, such jurisdiction would continue

after transfer. See Sen.Rep. No. 303, 81st Cong., 1st Sess., U.S.Code Cong. Serv. 1253 (1949). In order to sustain jurisdiction in Pennsylvania, however, the clause of Section 12 dealing with process would have to be read as wholly independent of the clause dealing with venue. If so read, the extraterritorial service would give the Court in Pennsylvania jurisdiction; the only defect would be improper venue. Petroleum Financial Corp. v. Stone, D.C.S.D.N.Y.1953, 116 F.Supp. 426, 428 (dictum), Note, 38 Minn.L.Rev. 874 (1954).

 The language of the section itself precludes the interpretation set forth above. By the phrase "all process *in such cases*" (emphasis supplied), the privilege of extraterritorial service is expressly confined to actions brought in a district in which the corporation is an inhabitant, found, or transacting business. Dazian's, Inc. v. Switzer Bros., D.C.N.D.Ohio 1951, 111 F.Supp. 648; Midwest Fur Producers Ass'n v. Mutation Mink Breeders Ass'n, D.C.Minn. 1951, 102 F.Supp. 649; Reid v. University of Minnesota, D.C.N.D.Ohio 1952, 107 F.Supp. 439; cf. Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 152 A.L.R. 966; Lavin v. Lavin, 2 Cir., 1950, 182 F.2d 870, 873, 18 A.L.R.2d 1017 (dictum). That the Pennsylvania forum is not such a District is no longer in dispute. Therefore plaintiff cannot invoke Section 12 of the Clayton Act to legitimatize the extraterritorial service. The Court in Pennsylvania never acquired personal jurisdiction over the defendants, and this Court did not acquire personal jurisdiction as a result of the transfer.

Nor was personal jurisdiction obtained in this District by virtue of the fact that the alias summons was delivered in New York. Service made without statutory authority is of no effect regardless of actual notice to defendants. Cf. Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446.

This Court now lacks personal jurisdiction over the defendants since effective service of process has never been accomplished. However, if the transfer to this District were authorized, plaintiff might still be in a position to avoid dismissal by making proper service upon defendants without further delay. See United Nations Relief & Rehabilitation Administration v. The Mormacpine, D.C. S.D.N.Y.1951, 99 F.Supp. 552; 5 Moore, Federal Practice § 41.11 at p. 1039 (2d ed. 1951). Therefore, the second question to be determined on this motion is whether a Court, lacking jurisdiction over defendants, may nonetheless transfer the action to a District where service can be effected.

This issue, requiring interpretation of the transfer provisions of the Judicial Code, 28 U.S.C. §§ 1404(a), 1406(a) (1952), is one on which the Courts are in disagreement. Independent Productions Corp. v. Loew's, Inc., D.C.S.D.N.Y. 1957, 148 F.Supp. 460; McDaniel v. Drotman, D.C.W.D.Ky.1952, 103 F.Supp. 643; Wilson v. Kansas City So. Ry., D.C.W.D.Mo.1951, 101 F.Supp. 56; Fistel v. Beaver Trust Co., D.C.S.D.N.Y. 1950, 94 F.Supp. 974 (transfer may be made only by a court which has personal jurisdiction). Internatio-Rotterdam, Inc. v. Thomsen, 4 Cir., 218 F.2d 514, 68 Harv.L.Rev. 1069 (1955) (admiralty); Orzulak v. Federal Commerce & Navigation Co., D.C.E.D.Pa.1958, 168 F.Supp. 15 (admiralty); United States v. Welch, D.C.S.D.N.Y.1957, 151 F.Supp. 899; Petroleum Financial Corp. v. Stone, D.C.S.D.N.Y.1953, 116 F.Supp. 426; Lumbermens Mut. Cas. Co. v. Mohr, D.C.S.D.Texas 1949, 87 F.Supp. 727 (transfer may be made by a court which lacks personal jurisdiction). Section 1406(a), authorizing transfer when venue is improperly laid, provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Section 1404(a), since it applies when venue is proper but the forum in which the action is brought is inconvenient,

is not directly involved in this action. It is appropriate to note, however, that the Courts have not drawn a distinction between the two sections in regard to the propriety of transfer by a Court which lacks jurisdiction. E. g., Petroleum Financial Corp. v. Stone, supra, 42 Geo.L.J. 315, 318 (1954).

■ This Court is of the view that Section 1406(a), which by its terms speaks to defective venue only, cannot be made to do service when there is also a jurisdictional defect. Proper jurisdiction is the more basic requirement. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 167–168, 60 S.Ct. 153, 84 L.Ed. 167. The drafters of the Judicial Code made an express provision for transfer in the event of improper venue. They made no express provision for transfer in the event of lack of jurisdiction. It is unlikely that the drafters relied upon a venue section to carry along an implicit provision for transfer to cure a jurisdictional defect. See Sen.Rep. No. 303, 81st Cong., 1st Sess., U.S.Code Cong.Serv. 1253 (1949); Notes 38 Minn.L.Rev. 874, 23 U.Cinn.L.Rev. 357, 359 (1954).

It should be noted that Schiller v. Mit-Clip Co., 2 Cir., 1950, 180 F.2d 654, which has been cited as authority for the propriety of transfer when jurisdiction *in personam* could not be had in the transferor forum, United States v. Welch, D.C.S.D.N.Y.1957, 151 F.Supp. 899; Petroleum Financial Corp. v. Stone, supra; 68 Harv.L.Rev. 1069, 1070 (1955), never reached the question. In that case plaintiff resisted and defendant argued in support of transfer. The Court of Appeals, in denying plaintiff's petition for a mandamus to compel the district judge to revoke the transfer order, stated: " * * * [T]he plaintiff cannot complain because he has not suffered the dismissal which he so richly deserved * * *. Whether we should have any jurisdiction, either by appeal, or by mandamus, to review such an order, we need not decide." 180 F.2d at page 655.

On the reasoning set forth above it is concluded that the Court in Pennsylvania improperly transferred the action as to defendants Select Operating Corporation and United Booking Office, Inc. to this Court. Since there is nothing to support the pendency of the action here, it must be dismissed. E. g., Wilson v. Kansas City So. Ry., D.C.W.D.Mo.1951, 101 F.Supp. 56. The alternative, remand to the transferor district, would serve no useful purpose because plaintiff's inability to proceed against these defendants in the Pennsylvania forum has already been established. See Goldlawr v. Shubert, D.C.E.D.Pa.1958, 169 F. Supp. 677, 686.

## II

Motion to Substitute the Executors of the Estate of Defendant Heiman

Cross-Motion to Dismiss as to Heiman for Lack of Jurisdiction

■ Marcus Heiman, a New York resident, was named as an original defendant in the action instituted in Pennsylvania. Although he died in September of 1957, the order of March 1959 included Heiman among the defendants as to whom the action was transferred for lack of venue.

Heiman was not found in and had no agents in Pennsylvania. Goldlawr v. Shubert, D.C.E.D.Pa.1958, 169 F.Supp. 677, 682. See Clayton Act, § 4, 38 Stat. 731 (1914), 15 U.S.C.A. § 15. He was never served personally in Pennsylvania or any other place. The obvious lack of personal jurisdiction over Heiman and the resulting invalidity of the transfer under 28 U.S.C. § 1406(a) would alone impel this Court to grant the cross-motion to dismiss.

■ In addition, passing consideration of the cross-motion, it is doubtful whether Rule 25(a) (1), Fed.R.Civ.P., 28 U.S.C. may be invoked to authorize substitution of the executors for a defendant who neither appeared nor was served with process. See United States v. Fields, C.C.S.D.N.Y.1859, 25 Fed.Cas. 1067, No. 15,089; Note on Revivor,

1882, 14 F. 392; cf. Carnes v. Strait, 1954, 223 Ark. 962, 270 S.W.2d 920. Substitution at this late date would be particularly anomalous since the motion to transfer from Pennsylvania was interposed for the first time after Heiman's death. Therefore at no time during his life was he amenable to service of process in this action.

## III

### Motions to Dismiss for Pendency of Another Action

■ The original complaint in this action was filed in October of 1956. In February of 1957 plaintiff, who was unable to obtain a prompt hearing on its motion to amend, filed a second complaint. This second complaint added certain defendants and extended the period for which damages were claimed but was otherwise identical with the first complaint. Therefore when the Court in Pennsylvania ordered severance and transfer, two actions, identical in all respects, were docketed in this District, the first of the Pennsylvania complaints having, in the meantime, been amended.

The three remaining defendants, William Klein, Milton Shubert, and Sylvia W. Golde have moved for a dismissal of one of these actions on the ground that there is a similar action pending. Plaintiff opposes the motion on the ground that its rights under the Statute of Limitations can best be protected by preserving both actions.

In order to protect plaintiff's interest and, at the same time, spare defendants the burden of duplicating their efforts in this cause, the two actions will be consolidated for the purpose of all further proceedings. See Rule 42(a), Fed.R.Civ. P.

Settle appropriate orders on notice for dismissal as to defendants Select Operating Corporation, United Booking Office, Inc., and Marcus Heiman and for consolidation of the actions against Milton Shubert, William Klein and Sylvia W. Golde.