Adolph HOHENSEE, Appellant,

v.

NEWS SYNDICATE, INC., etc., Appellee.

No. 13275.

United States Court of Appeals Third Circuit.

Argued Dec. 12, 1960.

Decided Feb. 8, 1961.

---

**528**

---

No oral argument for appellant. James C. Newton, Washington, D. C., on the brief.

Joseph C. Kreder, Scranton, Pa. (Warren, Hill, Henkelman & McMenamin, Scranton, Pa., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

This appeal requires us to review a district court's dismissal of an action because of lack of service upon the defendant, and the refusal of that court, in the absence of such service, to exercise its discretion on plaintiff's motion made pursuant to 28 U.S.C. § 1406(a) to transfer the action to another forum, where defendant was amenable to service.

Adolph Hohensee, appellant, filed a complaint in the United States District Court for the Middle District of Pennsylvania to recover for damage resulting from an allegedly libelous newspaper article published by the defendant News Syndicate, Inc., appellee.[1] Jurisdiction was based on diversity of citizenship, the complaint alleging that appellant was a citizen of Pennsylvania, residing in the Middle District, while appellee was a Delaware corporation with its principal place of business in New York City.

The district court quashed the service of summons made on appellee at its principal place of business in New York City and allowed appellant thirty days within which to perfect service. The caption of an amended complaint, filed by appellant within that time, read as follows:

"Adolph Hohensee
P.O. Box 910
Scranton, Pa.,
                    Plaintiff

    v.

"News Syndicate, Inc.,
A Foreign Corporation
c/o Morris Goodman,
1801 Ariel Street
Scranton, Penna., T/A
Anthracite News Co.,
935 N. Washington Avenue
Scranton, Penna., Agent.
                    Defendant"

An alias summons, together with a copy of the amended complaint, was served on Henry Nogi, attorney for Morris Goodman, at Scranton within the Middle District of Pennsylvania. The district court, concluding this service to be improper, dismissed the complaint and refused to exercise its discretion on appellant's motion under Section 1406(a) to transfer the action to New York where defendant-appellee could be served.

---

1. Scientific Living, Inc., joined with the appellant in bringing the original action but subsequently filed a praecipe for voluntary dismissal as to itself which was granted.

■ The question raised by appellant as to the effectiveness of the service of appellee by service on Nogi requires no discussion. The record is clear that the only relationship between Nogi's client, Morris Goodman, and the appellee was that of buyer and seller. We need not cite authority for the proposition that such a bare and limited relationship is an insufficient basis for effectuating service of process.

■ Appellant's contention that the district court had power to exercise its discretion on his motion to transfer absent proper service of appellee does, however, require consideration.[2]

On the question raised by appellant there is divided authority. Our research shows that appellant's position is supported by the District of Columbia Circuit which recently held in Amerio Contact Plate Freezers, Inc. v. Knowles, 1960, 107 U.S.App.D.C. 81, 274 F.2d 590, followed in Hayes v. Livermont, 1960, 108 U.S.App.D.C. 43, 279 F.2d 818, that the absence or presence of jurisdiction of the person of the defendant is immaterial in determining whether a district court has power to act on a motion made under Section 1406(a).[3] Other decisions support the district court's action[4] which, based upon our reading of Section 1406 and a consideration of the purpose behind its enactment, we think was correct and should be affirmed.

Section 1406, 28 U.S.C., reads as follows:

"§ 1406. Cure or waiver of defects

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue. * * *"

■ Before this section was enacted, a court was always required to dismiss an action where there was a mere defect in venue. The rigidity of such a rule was out of keeping with more recent thinking as it pertains to adjective law. When first enacted in 1948, this section made it mandatory upon the court to transfer a case where improper venue was laid. Fearing abuse, the section was amended in 1949 by authorizing a dismissal or a transfer to a proper forum if it was determined by the transferor court that it was "in the interest of justice" to do so.[5] The sole purpose of this section as well as its companion, 28 U.S.C. § 1404, was to provide a means for curing a defect in venue whether it be improperly laid or improper because of the inconvenience of the parties. Venue has to do with determining the proper place where litigation may proceed. It has nothing to do with determining the extent of the area in which a party defendant may be properly served. The appellant here is, in effect, attempting to turn

2. Ordinarily the decision of a district court granting or refusing a transfer cannot be reviewed by appeal because such an order is not final within the meaning of 28 U.S.C. § 1291. See All States Freight, Inc. v. Modarelli, 3 Cir., 1952, 196 F.2d 1010. Here, however, the judgment of dismissal is final.

3. Lumbermen's Mutual Casualty Co. v. Mohr, D.C.S.D.Tex.1949, 87 F.Supp. 727, also supports appellant's position but involves no discussion of the question raised here.

4. Goldlawr, Inc. v. Shubert, D.C.S.D.N.Y. 1959, 175 F.Supp. 793, appeal dismissed

Goldlawr v. Heiman, 2 Cir., 1960, 273 F.2d 729; McDaniel v. Drotman, D.C. W.D.Ky.1952, 103 F.Supp. 643; Wilson v. Kansas City Southern Railway Co., D.C.W.D.Mo.1951, 101 F.Supp. 56; Fistel v. Beaver Trust Co., D.C.S.D.N.Y. 1950, 94 F.Supp. 974. See Skilling v. Funk Aircraft Co., D.C.W.D.Mo.1959, 173 F.Supp. 939; Hargrove v. Louisville & Nashville Railroad Co., D.C.W.D.Ky. 1957, 153 F.Supp. 681.

5. 2 U.S.Code Cong.Serv., 81st Cong., 1949, pp. 1248, 1253.

a venue provision into a device for including New York within the area where appellee can be properly served under Rule 4(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in an action commenced in Pennsylvania. We are satisfied that Section 1406 was never intended to serve as a means of avoiding the consequences of a failure to perfect service of process. It would take a clear congressional mandate for this court to allow that section to be used as a shorthand method for assisting a party to effect jurisdiction of the person. See Goldlawr, Inc. v. Shubert, D.C.S.D.N.Y. 1959, 175 F.Supp. 793, appeal dismissed, Goldlawr v. Heiman, 2 Cir., 1960, 273 F. 2d 729; McDaniel v. Drotman, D.C.W.D. Ky.1952, 103 F.Supp. 643.

We think that a close reading of the section will make it clear that it is available to a plaintiff only where the court has jurisdiction over the person of the defendant. Subsection (a) provides that venue can be perfected by a transfer to another forum only if it be determined that it is in the "interest of justice" to do so. Before such determination can be made, however, both parties of necessity must at least have an opportunity to be heard. If the defendant is not in court, i. e., he has not been served or has not voluntarily appeared, how can it be said that he has had such an opportunity, for it may well be that he is totally unaware of the action. Under subsection (b), a failure to interpose a timely and sufficient objection to the venue defect constitutes a waiver thereof. The clear import is that the defendant has been brought before the court by service of process or voluntarily appeared, for in allowing inaction to constitute a waiver it presupposes that the defendant has an affirmative duty to act. That duty can arise and be imposed upon a defendant only where the court has jurisdiction of his person.

Appellant has cited a number of cases in support of his contention. The larger number are clearly inapposite or can be readily distinguished on their facts.[6] Others deserve discussion. In Schiller v. Mit-Clip Co., 2 Cir., 1954, 180 F.2d 654, the action was transferred *sua sponte* by the district court under Section 1406(a) because the defendant had never done enough business in New York to subject it to suit there. The Court of Appeals in dismissing the appeal and denying plaintiff's petition for mandamus to compel the district judge to revoke the transfer order said, at page 655:

6. Untersinger v. United States, 2 Cir., 1950, 181 F.2d 953; Orr v. United States, 2 Cir., 1949, 174 F.2d 577; and Orzulak v. Federal Commerce & Navigation Co., D.C.E.D.Pa.1958, 168 F.Supp. 15, are admiralty cases which are inapposite for the reasons succinctly stated in another admiralty case appellant cites, Internatio-Rotterdam, Inc. v. Thomsen, 4 Cir., 1955, 218 F.2d 514, 515, where Judge Parker said:

"As the suits were in admiralty, they might have been instituted in any district court of the United States. * * * It is proper to institute a suit in admiralty in a district in which there is no person who can be served with process and no property which can be seized, if it is made to appear that property which can be seized under process therein is expected to be within the district shortly * * *."

In the following cases, the question raised here was not considered, and the court either had jurisdiction of the person of the defendant or there is no indication in the opinion that the transferor court did not have such jurisdiction: All States Freight, Inc., v. Modarelli, 3 Cir., 1952, 196 F.2d 1010; Gulf Research & Development Co. v. Leahy, 3 Cir., 1951, 193 F.2d 302 (an action transferred to the District Court of Delaware pursuant to § 1406, Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., D.C.S.D.Cal.1950, 92 F.Supp. 16, writ of mandamus denied, Gulf Research & Development Co. v. Harrison, 9 Cir., 1950, 185 F.2d 457); Untersinger v. United States, supra; Orr v. United States, supra; State of Maryland for Use and Benefit of Brandt v. Eastern Airlines, D.C.S.D.N.Y.1948, 120 F.Supp. 745. It is also clear that in Orion Shipping and Trading Co. v. United States, 9 Cir., 1957, 247 F.2d 755, found in our research, the transferor court had jurisdiction over the person of the defendant.

" * * * [T]he plaintiff cannot complain because he has not suffered the dismissal which he so richly deserved. * * * Whether we should have any jurisdiction, either by appeal, or by *mandamus*, to review such an order, we need not decide." Thus, the court did not reach or have before it the question presented by this appeal. United States v. Welch, D.C.S.D.N.Y.1957, 151 F.Supp. 899, and Petroleum Financial Corp. v. Stone, D.C.S.D.N.Y.1953, 116 F.Supp. 426, also give the appellant little help, for there the district court either expressly relied on or felt itself bound by Schiller, which reliance we think was misplaced for the reasons given above. See Goldlawr, Inc. v. Shubert, supra.

We realize that the Amerio and Hayes decisions of the District of Columbia Circuit are contrary to our conclusion that a court is without power to act on a motion under 28 U.S.C. § 1406(a) until it has acquired jurisdiction of the person of the defendant. These decisions, however, do not fully discuss the question or refer to decisions supporting our conclusion, but rely solely on decisions which we have discussed and distinguished earlier in this opinion.

The judgment of the district court will be affirmed.