**CUBEX, INC., Plaintiff,**

v.

**ROESCH, INC., Defendant.**

**No. 79 Civ. 0300 (ADS).**

United States District Court,
S. D. New York.

Aug. 9, 1979.

Addendum Sept. 25, 1979.

---

Dennis Grossman, New York City, for plaintiff.

Lavin & Batchelder, New York City, for defendant, by James P. Lavin, New York City.

## AMENDED MEMORANDUM AND ORDER

SOFAER, District Judge:

Plaintiff, a New Jersey corporation, brought this diversity action for breach of

---

32. *See generally* 5 Wright & Miller, Federal Practice and Procedure § 1373.

warranty against defendant, a Delaware corporation located in Illinois. 28 U.S.C. § 1332(a)(1). Defendant moves for dismissal under FRCP 12(b)(2) for lack of personal jurisdiction. Plaintiff concedes that no facts exist which under New York law could confer *in personam* jurisdiction on this court. Defendant does virtually no business in New York; the transaction was negotiated between offices in New Jersey and Illinois; no tortious act was committed in New York by defendant personally or by an agent; and the tortious act allegedly committed in Illinois is in the nature of a breach of contract, by a defendant who does no regular or substantial business in the state. See N.Y.C.P.L.R. 301 & 302; McLaughlin, *Practice Commentary to C.P. L.R. 302* (McKinney's 1972).

Plaintiff properly notes, however, that a federal district court need not dismiss a case when *in personam* jurisdiction over a defendant is lacking. The court still has power under 28 U.S.C. § 1406(a) to transfer such a case to another district where *in personam* jurisdiction exists. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978). Plaintiff therefore requests that the case be transferred to its "home" district, the District of New Jersey.

Defendant persists in its motion to dismiss because it has already filed an action, based on the same transaction, in the Southern District of Illinois. Cubex, defendant notes, can readily argue its case in Illinois, as a counterclaim. But Cubex does not want to litigate in Illinois, and asks that the district courts in New Jersey and Illinois be allowed to work out the proper forum after the transfer it seeks. It claims it is in dire financial condition, and that many necessary witnesses are in or near New Jersey. It criticizes defendant for the crafty manner in which defendant brought suit in Illinois just before moving to dismiss in this court, arguing that its error in suing in New York came about because one of defendant's officers misled plaintiff into believing defendant did substantial business here.

The hardship for plaintiff in litigating in Illinois must be balanced against the hardship defendant claims it will suffer by being forced to litigate in both Illinois and New Jersey. Defendant notes, among other things, that the breach of warranty claimed would turn entirely on acts occurring in Illinois. Furthermore, while plaintiff is correct that a transfer rather than a dismissal is in the interests of justice, a transfer to New Jersey is not called for under the circumstances. A transfer of this case to New Jersey will force the District Courts in both New Jersey and Illinois to decide where the two cases now pending should be consolidated. A transfer to Illinois, on the other hand, will enable a single District Court to determine the proper forum, and the Court in Illinois is in fact presently considering Cubex's motion to dismiss Roesch's suit.

Finally, one cannot fairly fault defendant for its cunning, if its timing in moving to dismiss has in fact been part of a litigation strategy. It seems far more sensible to reward the skill shown by defendant here, even assuming the equities are otherwise slightly in plaintiff's favor (which they are not), than to reward and thereby encourage the lack of litigative care that led plaintiff improperly into this alien and busy forum.

The motion to dismiss is denied. The case is hereby ordered transferred to the United States District Court in the Southern District of Illinois.

SO ORDERED.

### ADDENDUM TO AMENDED MEMORANDUM AND ORDER

The order transferring this action to the United States District Court in the Southern District of Illinois was subsequently vacated in light of plaintiff's notice of voluntary dismissal filed under Federal Rule 41(a)(1)(i). Under that rule, a plaintiff may dismiss his action without order of court so long as no answer has been served. The fact that an order of transfer has already been entered here is insufficient to deprive plaintiff of his right to a voluntary dismiss-

**410**

al. *Littman v. Bache & Co.*, 252 F.2d 479, 481 (2d Cir. 1958); *Schiller v. Mit-Clip Co.*, 180 F.2d 654, 655 (2d Cir. 1950).

The final resolution of this case is not unjust. It is to the credit of plaintiff's counsel that he had the persistence and ingenuity to find a right to remedy his prior procedural wrong.